IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John James Bell, | Civil Action No. 8:10-2085-HFF-BHH |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** <br> **OF MAGISTRATE JUDGE** |
| Catherine A. Amason, Mischa Michael, Pamela Hough, Cecilia Reynolds, Jennie McKay, and Kamisha Miller, | |
| Defendants. | |

The Plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. Before the court is the Plaintiff's Motion to Dismiss. the Defendant Mischa Michael. (Dkt. # 34.)[1]

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983.

An action may be dismissed voluntarily by the plaintiff without order of the court by filing a notice of dismissal at any time before service by the adverse party of an

---

[1] The undersigned notes that in the motion and response, the parties spell this defendants name as "Michel," however because this Defendant's name is spelled as "Michael" on the docket, the undersigned will follow the spelling reflected in the docket.

answer or a motion for summary judgment. Fed.R.Civ.P. 41(a)(1). However, once the defendant has answered or filed a motion for summary judgment, Fed.R.Civ.P. 41(a)(2) requires leave of court for a voluntary dismissal without prejudice. Whether to grant such a motion is within this court's discretion. *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987). Here, the Defendant Michael has answered and thus dismissal of her as a defendant requires leave of the court.

Under Rule 41(a)(2), FRCP, a district court may dismiss an action "at the plaintiff's request only by court order, on terms that the court considers proper." Rule 41(a)(2), FRCP. "The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." *Davis v. USX Corp.*, 819 F.2d at 1273. "In considering a motion for voluntary dismissal, the district court must focus primarily on protecting the interests of the defendant." *Id.*

"A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." *Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986). It is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. *See Vosburgh v. Indemnity Ins. Co. of North America,* 217 F.R.D. 384, 386 (S.D.W.Va. Sep.12, 2003). In considering a Motion under Rule 41(a)(2), the District Court should consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a

dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." *Id.*

Here, the Defendants have consented to the dismissal of the Defendant Michael, but they seek a dismissal with prejudice. The Defendants, however, have not set forth any argument on this point and thus have not shown that they would be unfairly prejudiced if the Defendant Michael is dismissed without prejudice. Accordingly, the Defendant Michael should be dismissed without prejudice.

Based on the foregoing, it is recommended that the Motion to Dismiss (Dkt. # 34) be GRANTED and the Defendant Mischa Michael be DISMISSED without prejudice.

IT IS SO RECOMMENDED.


                                        s/Bruce Howe Hendricks
                                        United States Magistrate Judge

November 29, 2010
Greenville, South Carolina