IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| John James Bell, | ) | |
| | ) | Civil Action No. 2:10-2085-HFF-BHH |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| | ) | |
| Cathrine A. Amason, | ) | |
| Pamela Hough, Cecilia Reynolds, | ) | |
| Jennie McKay, and Kamisha | ) | |
| Miller a/k/a Janice Miller, | ) | |
| | ) | |
| Defendants.[1] | ) | |
| | ) | |

The Plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. Before the court is the Defendants' Motion for Summary Judgement. (Dkt. # 46.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983, and submit findings and recommendations to the District Court.

The Plaintiff brought this action seeking damages for alleged civil rights violations. (Dkt. # 1.) On December 20, 2010, the Defendants filed a Motion for Summary

_____

[1]The undersigned notes that on December 23, 2010, the Defendant Michael was dismissed by Order of the United States District Court Judge Henry F. Floyd. (Dkt. # 51.)

Judgment.  (Dkt. # 46.)  On December 21, 2010, pursuant to *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. # 47.)  On January 3, 2011, the Plaintiff filed a response opposing the motion. (Dkt. # 54.)

## FACTS PRESENTED

The Plaintiff is an inmate currently incarcerated at the Kershaw Correctional Institution ("KCI").  In his Complaint, the Plaintiff alleges that at the KCI, mail is not mailed out at the earliest convenience.  He also alleges that his mail is not merely censored for contraband, but read to determine with who the inmates are corresponding. Further, he alleges his legal mail has been stopped, delayed, returned to sender, or destroyed.

The Plaintiff specifically alleges that in July 2010, he mailed four letters and that the Defendant Cathrine Amason told him that the letters had been mailed out when they were actually deemed contraband and returned to him a week later.  He also alleges his trust account has been debited for postage for mail, but that the mail was never mailed out.  He further alleges his mail is read outside of his presence and the envelopes are then resealed with tape.  He also alleges his outgoing legal mail has been opened and copied.  He alleges his sister has received mail from him with pages missing or out of order and she has had letters sent to the Plaintiff which were returned to her.

2

Further, the Plaintiff alleges that the officials have delayed or failed altogether to return materials, including books and other personal property, and they also failed to notify the inmates. The Plaintiff also alleges that officials often fail to process grievances and do not follow the SCDC policy regarding grievances. The Plaintiff is seeking actual damages and injunctive relief.[2]

## APPLICABLE LAW

### SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine"

---

[2]The Court notes that the Plaintiff has recently filed what was docketed as attachments to the Plaintiff's Response to the Defendants' Summary Judgment Motion. In this attachment, the Plaintiff appears to be alleging new claims against new defendants. (Dkt. # 61.) However, the Court declines to address these new claims which the Plaintiff raises for the first time in this document.

if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION[3]

Initially, the undersigned notes that the Plaintiff fails to allege specific facts against any of the Defendants, except Amason.  The Plaintiff does not state that the Defendants Hough, Reynolds, McKay, and Miller acted personally to deprive him of his constitutional rights.  To the extent the Plaintiff intends to premise liability based on respondeat superior, the doctrine does not apply in § 1983 proceedings.  *Monell v. Department of Social Services,* 436 U.S. 658, 691 (1978); *Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004).  Absent an allegation of personal involvement or unconstitutional policy or custom, there is no legal basis to find these defendants liable. *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir.1994).

Supervisory liability under § 1983 must be supported with evidence that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

---

[3]The undersigned notes that the Plaintiff filed a response to the Defendants' Summary Judgment Motion  which consists of a one-page cover letter and a fifty-nine page attachment.  The attachment contains copies of various documents which have been filed in this action, including the Defendants' Answer, several motions, and a prior report and recommendation filed by this court.  The undersigned will address the Plaintiff's claims as alleged; however, the undersigned will not comb through the attachment to find support for the Plaintiff's arguments.  *Rodenhurst v. Hawaii*, 2010 WL 3719296 * 13 (D.Ariz. 2010).  *See also Huey v. UPS,* Inc., 165 F.3d 1084, 1085 (7th Cir.1999) (holding "judges need not paw over the files without assistance from the parties")); *Setzke v. Fergusonlip,* 2009 WL 248071 *1 (D. Ark. 2009)(holding the "Court declines the implied invitation to comb this mass of material to determine if there is some basis for plaintiff's motion.")

*Id.* at 799.  Accordingly, the Defendants Hough, Reynolds, McKay and Miller are entitled to summary judgment.

**Mail Claims**

As set out above, the Plaintiff alleges that his mail has been read, tampered with, and/or destroyed by the mail room personnel at the KCI, in particular the Defendant Amason.  He further alleges his incoming mail is read outside of his presence and the envelopes are then resealed with tape.  He also alleges his outgoing legal mail has been opened and copied.

Generally, a prisoner enjoys a First Amendment right to receive and send mail, but prison officials may adopt regulations that impinge on a prisoner's constitutional rights if those regulations are "reasonably related to legitimate penological interests."   *Turner v. Safley,* 482 U.S. 78, 89 (1987). Legitimate penological interests include preserving prison security and maintaining order and discipline.  Moreover, in noting the delicate nature of prison management, the Supreme Court has "afforded considerable deference to the determinations of prison administrators who, in the interest of security, regulate the relations between prisoners and the outside world." *Thornburgh v. Abbott,* 490 U.S. 401, 408 (1989).

The United States Court of Appeals for the Fourth Circuit, in *Altizer v. Deeds,* 191 F.3d 540, 547-548 (4th Cir.1999), held that "the opening and inspecting of an inmate's outgoing mail is reasonably related to legitimate penological interests, and therefore, constitutional . . ." However, in a footnote to that opinion, the court noted that "[i]nspecting an inmate's legal mail may implicate the inmate's Sixth

6

Amendment right to communicate freely with his attorney in a criminal case." *Id.* at 549, n. 14 (*citing Wolff v. McDonnell,* 418 U.S. 539, 575 (1974)). Legal mail may not be opened outside of the presence of the prisoner-addressee. See *Wolff v. McDonnell*, 418 U.S. 539, 575 (1974). However, to state a claim for a constitutional violation, a plaintiff must show actual injury by the opening. *Lewis v. Casey,* 518 U.S. 343, 352-54 (1996). In order to show an actual injury, an inmate must "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." *Id.* at 353. In other words, a prisoner must allege that the delay in delivering legal mail caused a legal action to be dismissed or caused a court to sanction an inmate in some fashion. *Carter v. Hutto,* 781 F.2d 1028, 1031-32 (4th Cir. 1986) (finding a cause of action for destruction of legal mail requires allegations of important or irreplaceable nature of the mail in question and detriment suffered by the ensuing deprivation of meaningful access to the courts).

The Plaintiff alleges that on July 19, 2010, four letters were returned to him which he had deposited with mailroom personnel on July 12, 2010. The Plaintiff alleges that Defendant Amason told Bell on July 14, 2010, that his four letters had been mailed when the letters had not. (Compl. 3.) Amason states in her affidavit that she believed the envelopes used by the Plaintiff were obtained in an unauthorized manner in violation of South Carolina Department of Corrections ("SCDC") policy. Accordingly, she states she forwarded the letters to the KCI's contraband unit for inspection. She avers that the Plaintiff received notification of this on July 16, 2010, in a SCDC "Notice of Rejected Incoming/Outgoing

7

Correspondence" form.  (Defs.' Mem. Supp. Summ. J. Mot. Attach. # 2 - Cathrine A. Amason Aff. ¶¶ 4-5.)   Amason states that after she learned that the unauthorized envelopes had been provided to the Plaintiff by an employee of the SCDC who was not employed at KCI, she mailed the letters and notified the Plaintiff that the letter had been mailed.  (Amason Aff.  ¶¶ 6-7.)

Even assuming the Plaintiff's rights were implicated by the delay in mailing his letters, or the opening and/or reading of his incoming legal mail, the Plaintiff has failed to state a claim because he has not alleged any injury. The Plaintiff has not alleged any harm or prejudice in any court action resulting from the opening of his incoming legal mail or the delay in sending in his four letters. In fact, the Plaintiff has not even alleged that he had a court case pending at the time. Therefore, the Plaintiff has failed to allege or establish any actual harm or prejudice. Accordingly, he has failed to state a claim regarding his legal mail and the Defendants should be granted summary judgment on this claim. Additionally, the Plaintiff's fear that future mail may not reach the courts due to interference by the KCI mail room staff is "hypothetical or abstract" and therefore not ripe for adjudication.   *See, e.g., Ostergren v. Cuccinelli*, 615 F.3d 263, 287-88 (4th Cir. 2010).   Accordingly, the Defendants should be granted summary judgment on the Plaintiff's claims regarding his mail.

**Claims Regarding Grievances**

The Plaintiff alleges that the Defendants on many occasions have refused to process his grievances.  This bare allegation, even accepted as true, fails to state a

plausible claim for violation of any constitutional right.  The law is well-settled that there is no constitutional right to a grievance procedure. *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 137-138 (1977). Even if the prison provides for a grievance procedure, violations of those procedures do not amount to a civil rights cause of action.  *Adams v. Rice,* 40 F.3d 72, 75 (4th Cir.1944) (dismissing plaintiff's claim that he was retaliated against when he was barred access to the grievance process because "the Constitution creates no entitlement to grievance procedures or access to any such procedure"); *Mann v. Adams,* 855 F.2d 639, 640 (9th Cir.1988) (holding prison official's failure to comply with state's grievance procedure is not actionable under § 1983); *Doans v. Rice,* 831 F.2d 1057 (4th Cir.1987). Thus, even if the Defendants failed to timely respond to, or process the Plaintiff's grievances, the Plaintiff has not stated a constitutional claim.

### CONCLUSION

Based on the foregoing, it is recommended that the Defendants' Motion for Summary Judgement (Dkt. # 46) be GRANTED and the Complaint be DISMISSED with prejudice.

IT IS SO RECOMMENDED.


s/Bruce Howe Hendricks
United States Magistrate Judge


March 23, 2011
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).